UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10088-RWZ

UNITED STATES OF AMERICA

v.

MANUEL F. VILLALONA AGUASVIVAS

ORDER
October 25, 2011

ZOBEL, D.J.

Manuel F. Villalona Aguasvivas brings this petition, *pro se*, under 28 U.S.C. § 2255 challenging his guilty plea to four counts of a Superseding Indictment that charged him with: False Statement in Application for Passport, in violation of 18 U.S.C. § 1542; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; Conspiracy to Possess With Intent to Distribute, and to Distribute Heroin, in violation of 21 U.S.C. § 846; and Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and Aiding and Abetting, in violation of 18 U.S.C. § 2.

In the plea agreement (Docket # 37), the parties agreed upon, *inter alia*, a disposition of 108 months imprisonment, which the court imposed. Aguasvivas also attacks his sentence, arguing that, but for Sixth Amendment violations, this court's imposed sentence would have actually been 60 months (Docket # 55). The government argues that Aguasvivas' motion is without merit and should be dismissed.

**I. Discussion**

Petitioner bears the burden of "mak[ing] out a case for section 2255 relief." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980)). Toward that end, he presents two grounds for relief: ineffective assistance of counsel and insufficient evidence at his Rule 11 hearing.

**A. Ineffective Assistance of Counsel**

The standard for establishing ineffective assistance of counsel requires the petitioner to show not only that his counsel's assistance was "deficient," but that this "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Neither component is met here.

Petitioner asserts that he was prejudiced by his counsel's unsuccessful attempt to vacate a past drug conviction before his Rule 11 hearing and that this 1999 conviction resulted in a 24-month addition to the imposed sentence. Assuming, *arguendo*, that counsel could have successfully vacated the 1999 conviction, petitioner's claim of actual prejudice is unfounded. At the hearing, the government took note of the prior conviction only to state that it had decided *against* filing a 21 U.S.C. § 851 notice, which would have increased Aguasvivas' mandatory minimum sentence to 144 months based on the 1999 conviction (Docket # 65).

Rather than offering assistance so deficient that it prejudiced the defense, petitioner's counsel clearly performed successfully in service of his client. Moreover, during the plea colloquy, the court and petitioner alike emphatically acknowledged the

extraordinary job Aguasvivas' counsel had done on his behalf.

### B. Insufficient Evidence

Petitioner's second ground for relief is his claim that there was insufficient evidence at the Rule 11 hearing for the court to accept his guilty plea. Specifically, Aguasvivas argues that he was unaware that the identification he purchased from a third party belonged to an actual person, making it impossible for him to "knowingly, intelligently, and willingly" plead guilty to the knowledge element of Aggravated Identity Theft. Extending his ineffective assistance of counsel argument, petitioner also claims that counsel's "misapprehensions" of the elements of Aggravated Identity Theft "coerced" him into entering his plea, effectively rendering it involuntary.

A guilty plea is "constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618, (1998) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). Further, a guilty plea "does not preclude an attack on the voluntary and intelligent character of the plea itself." United States v. Gonzalez-Mercado, 402 F.3d 294, 298 (1st Cir. 2005) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). For a guilty plea to qualify as intelligent, the defendant must have received "real notice of the true nature of the charge against him," including the elements of the alleged offense. Bousley at 618 (quoting Smith v. O'Grady, 312 U.S. 329, 334, (1941)); see Desrosier v. Bissonnette, 502 F.3d 38, 41 (1st Cir. 2007) (citing Henderson v. Morgan, 426 U.S. 637, (1976)).

3

In the plea agreement that Aguasvivas signed, he acknowledged that he had both read and understood the crimes to which he was pleading and that he had done so with satisfactory assistance from counsel. Addressing Aguasvivas directly at his hearing, the court asked if he understood the elements of the Aggravated Identity Theft charge that the government would have to prove:

> …you possessed and used a means of identification of another living person, a real person; that you did that knowingly, again, not by mistake or accident, but on purpose; that you did it without the authority of that person; and that you did it in relation to another crime, namely, the false application to get a passport….

Aguasvivas answered that he did understand; the court then found that he "understands the charges, that he is doing this voluntarily, and that there is a factual basis for the plea." Id.

Buying identification is an act that itself carries more culpability than purchasing everyday goods that one later realizes were stolen. Even if the court accepts Aguasvivas' claim that he was unaware that he was buying an actual person's identification from a third party, the fact remains that he put that identity to use "for a transaction that requires a United States' citizen's information—a passport application," necessarily verifying its authenticity. Petitioner has offered no evidence, either at his hearing or in his petition, that supports the inference that he lacked the requisite *mens rea*. See United States v. Cheal, 389 F.3d 35, 42 (1st Cir. 2004). His admission that he purchased identification and then used it to file a false passport application, taken together with the evidence the government presented, established a sufficient factual basis for acceptance of his plea.

## II. Conclusion

The "extraordinary remedy" of habeas relief is not merited here. <u>Bousley</u> at 621. Petitioner's grounds for concluding that his constitutional rights have been violated are flatly contradicted by the record; accordingly, the petition is denied.

|  |  |
|---|---|
|    October 25, 2011    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |